UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ERIC SCOTT NANNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00070-RHH |
| | ) |
| EMMA HURST, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Eric Scott Nanney's Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the Application and the financial information provided in support, the Court will grant the motion and assess and initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Nevertheless, the Court will dismiss this action for the reasons below. *See* 28 U.S.C. § 1915(e)(2).

**Initial Partial Filing Fee**

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After paying the initial partial filing fee, the prisoner must make monthly payments equal to 20 percent of the income credited to their account in the preceding month. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each

time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. §1915(a)(2). Even so, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement to support that assertion.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is a pretrial detainee at the Wayne County Jail in Greenville, Missouri. He brings this action under 28 U.S.C. § 1983 against Emma Hurst (Social Services Specialist) and Caroline Moyers (Social Services Unit Supervisor) in their official capacities. Plaintiff states that both defendants work for the Missouri Department of Social Services ("DSS").

Plaintiff's Complaint is largely incoherent. Plaintiff appears to assert that his parental rights have been violated. He states: "In current ongoing court proceedings relating to my daughters placement and well being, my parents Rick Nanney and Rose Nanney were denied placement of ALS going against my own wishes and it does not adhere to state laws set forth."[1] He contends that the state court and DSS have ignored his requests and that "these individuals" have damaged his name and reputation.

---

[1] When quoting the Complaint, the Court reproduces Plaintiff's language verbatim, except where indicated in brackets.

3

Plaintiff contends that he requested that his daughter not be placed in Vienna, Illinois "due to the murder victims family currently residing there ALS was placed in a hostile environment against her contrary welfare as a result of this disregard." According to Plaintiff, he has submitted paperwork proving he is ALS's biological father but his proof has been ignored. He asks this Court to add his name to ALS's birth certificate, change ALS's last name to "Nanney," and place ALS in the custody of Rick and Rose Nanney. He also seeks $1.8 million in punitive damages.

## Discussion

This Court lacks jurisdiction over child custody matters under the domestic relations exception to federal court jurisdiction. This exception, first recognized by the United States Supreme Court in *Barber v. Barber*, 62 U.S. 582, 603 (1858), "divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (citation omitted). As the Supreme Court later explained in *Ex parte Burrus*, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." 136 U.S. 586, 593-94 (1890). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Kahn*, 21 F.3d at 861.

While Plaintiff's Complaint is difficult to understand, the central issue appears to be the custody of Plaintiff's daughter. Plaintiff asserts that his parental rights have been violated and that his own parents should have custody of ALS. He asks this Court to add his name to ALS's birth certificate and to change the child's last name to "Nanney." These are matters of state law. *See Ex parte Burrus*, 136 U.S. at 593-94. Thus, the Court will abstain from exercising jurisdiction over this matter. *See Overman v. U.S.*, 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be,

4

a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension.").

Setting aside the domestic relations exception to federal jurisdiction, any review of the underlying state court decision would also likely violate the *Rooker-Feldman* doctrine. The doctrine provides that, apart from habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments. *Kvalvog v. Park Christian Sch., Inc.*, 66 F.4th 1147, 1152 (8th Cir. 2023). Here, Plaintiff explicitly challenges a state court judgment. The Court lacks subject matter jurisdiction over such a challenge. *Id.*

Even if the Court had jurisdiction, Plaintiff's claims would still be subject to dismissal. It is well established that an official-capacity claim against an individual is a claim "against the governmental entity itself." *See, e.g., White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Put another way, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). Thus, to prevail on his official-capacity claims against Defendants Hurst and Moyers, Plaintiff would have to establish DSS's liability for the alleged misconduct. *Kelly*, 813 F.3d at 1075. He cannot do so in this case. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983").

**Conclusion**

The Court will grant Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs and will assess an initial partial filing fee of $1.00. Nevertheless, for the reasons discussed above, the Court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $1.00 **within thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 31st day of July, 2024.